# O. F. Browder, Appellee, v. The Northwestern Gas Light and Coke Company, Appellant.

## Gen. No. 18,327. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed October 9, 1913. Rehearing denied October 23, 1913.

## Statement of the Case.

Action by O. F. Browder against the Northwestern Gas Light and Coke Company to recover for personal injuries sustained by plaintiff through the negligence of defendant's servant. From a judgment for plaintiff, defendant appeals.

SEARS, MEAGHER & WHITNEY, for appellant; JAMES F. MEAGHER and EDWIN HEDRICK, JR., of counsel.

CHASE R. RANKIN and JOHN W. LEE, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 848*—*when gas company liable for acts of its servants.* Gas company is liable for the acts of its servants where a servant goes to plaintiff's home to repair a gas leak in basement and on leaving fails to close a trap door in the floor near the outer door, and plaintiff on returning home falls through and is injured.

2. MASTER AND SERVANT, § 848*—*when negligence of others cannot be imputed to plaintiff.* Negligence of plaintiff's wife cannot be imputed to plaintiff to relieve master of liability for negligence of his servants.

3. MASTER AND SERVANT, § 868*—*when contributory negligence a question for jury.* Whether plaintiff was guilty of contributory negligence in failing to observe an open door in floor is a question for the jury.

4. NEGLIGENCE, § 208*—*when instruction that plaintiff may rely on due care, erroneous.* Instruction that plaintiff had right to presume that servant of defendant would use ordinary care *held* erroneous as omitting duty of plaintiff to exercise due care.

5. NEGLIGENCE, § 218*—*meaning of words "negligence, if any"* contained in instruction.* The words "negligence, if any" contained in an instruction *held* to mean that the court would not have the jury infer that the court assumed that defendant was negligent.

6. APPEAL AND ERROR, § 1474*—*when opinion evidence harmless.* When verdict is not argued as excessive, the fact that a physician who examined plaintiff for purpose of testifying based his opinion partly on subjective symptoms, is harmless error.